# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIAM MALONE COLETTE MARTINEZ,**

      **Plaintiff,**

**-vs-**                                            **Case No. 6:09-cv-1723-Orl-22GJK**

**ASHTIN LEASING, INC., ASHLEY HOREN UNDERWOOD, ACE METRO CAB COMPANY, BRUISSET PREVALON, and ACE CAB COMPANY DISPATCHER/SUPERVISOR,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS (Doc. No. 20)**
>
> **FILED:**   **January 21, 2010**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On November 18, 2009, Mariam Malone Colette Martinez ("Plaintiff") filed an amended complaint against Ashtin Leasing, Inc., Ashley Horen Underwood, Ace Metro Cab Company d/b/a Quick Cab Company, Bruisset Prevalon and Ace Cab Company Dispatcher/Supervisor (collectively, the "Defendants"). Doc. No. 13. The Plaintiff sought leave to proceed *in forma pauperis*. Doc. No. 2. On December 23, 2009, the Court entered an Order finding that the Plaintiff's lawsuit was frivolous, denying

her motion to proceed *in forma pauperis* and dismissing the case with prejudice. Doc. No. 17. On January 7, 2010, the Plaintiff filed a Notice of Appeal. Doc. No. 18. On January 21, 2010, she filed a Motion for Leave to Appeal In Forma Pauperis (the "Motion"). Doc. No. 20.

Section 1915 of 28 U.S.C. and Fed.R.App.P. Rule 24 govern the determination of applications to proceed *in forma pauperis*. *See Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979).[1] Section 1915 (a) provides, in relevant part:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> **(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.**

28 U.S.C. § 1915 (a) (1996) (emphasis supplied). Congress also mandates that the Court shall dismiss a case at any time that it determines that the action or appeal taken *in forma pauperis* is frivolous or malicious. 28 U.S.C. § 1915 (e)(2)(B)(i). Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief
>         may be granted; or
>         (iii) seeks monetary relief against a

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).

Rule 24(a) of the Rules of Appellate Procedure provides:

A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

**(A)** the district court--before or after the notice of appeal is filed--

certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or

**(B)** a statute provides otherwise.

Fed. R. App. P. 24 (a). An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915 (a)(3); *see Coppedge v. United States*, 369 U.S. 438 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See Coppedge*, 369 U.S. 438; *see also United States v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), *aff'd.,* 896 F.2d 558 (11th Cir. 1990).

A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United States*, 354 U.S. 521 (1957)(absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir. 1958); *Meadows v. Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*, 130 F. Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953)(the application

should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

The Plaintiff does not raise on appeal any facts or law tending to show the existence of a viable claim against the Defendants. Accordingly, for reasons stated in the December 23, 2009 Order denying Plaintiff's original application to proceed in forma pauperis, it is

**RECOMMENDED** that plaintiff's Motion for Leave to Appeal In Forma Pauperis (Doc. No. 20) be **DENIED**.

Failure to file and serve written objections to the proposed findings and recommendations in this report, pursuant to 28 U.S.C. § 636 (b)(1)(B) and (e) and Local Rule 6.02, within fourteen days of the date of its filing shall bar an aggrieved party from a de novo determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on February 17, 2010.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy